## MILLER v. AMERICAN BONDING CO.

(Circuit Court of Appeals, Third Circuit. January 6, 1920.)

No. 2481.

UNITED STATES ⬥⟶67 (3)—CLAIMANTS MUST JOIN IN ONE ACTION ON CONTRACTOR'S BOND.

Under Act Aug. 13, 1894, c. 280, as amended by Act Feb. 24, 1905, c. 778 (Comp. St. § 6923), providing that materialmen and laborers on public works may join in one action on the contractor's bond, etc., the right of action is a new one, created by statute, and is not based on a common-law right of trial by jury, and a claimant refusing to proceed to trial at the same time as the other claimants, without offering any reason to the trial court for his refusal, is barred from subsequently maintaining a separate action on the bond.

In Error to the District Court for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action by C. E. Miller against the American Bonding Company. From an order striking the case from the trial list (256 Fed. 545), plaintiff brings error. Affirmed.

R. W. Archbald, of Scranton, Pa., and James G. Glessner, of York, Pa., for plaintiff in error.

Charles H. Welles, of Scranton, Pa., and F. B. Bracken, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. An action was brought under the Act of August 13, 1894, c. 280, 28 Stat. 278, as amended by the Act of February 24, 1905, c. 778, 33 Stat. 811 (Comp. St. § 6923), on a bond given the United States by Mark P. Wells, contractor for the construction of certain public works, and American Bonding Company (defendant-in-error), his surety. The plaintiff was the United States for the use of Caesar Francini. C. E. Miller (plaintiff-in-error) was one of several intervening claimants.

At the trial, the use plaintiff and all intervening claimants, except Miller, appeared and successfully prosecuted their claims to verdict. After verdict, and while a motion for a new trial was pending, Miller ordered the case on the trial list for the trial of his claim. The trial judge struck it off pending review by this court on writ-of-error, upon the theory, doubtless, that, if the judgment were reversed, he might allow Miller to litigate his claim with the others in the retrial of the case. In due course, the motion for a new trial was refused, judgment entered, and a writ-of-error issued. On hearing by this court, the judgment was affirmed as to all claims except one, and was reversed as to that one on an error of the court in refusing binding instructions for the defendant. American Bonding Co. v. United States, 233 Fed. 364, 147 C. C. A. 300. As to that one claim, the court entered a formal order for a new trial. Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed.

879, Ann. Cas. 1914D, 1029. Thereafter, the claim was compromised by the parties and the action ended.

More than two years after review by this court, and long after the judgment had been satisfied, Miller again ordered the case on the trial list. On the defendant's motion to strike it off, Miller took the position that there is nothing in the statute under which the case was brought which required him to prosecute his claim with the other intervening claimants in one trial, and that, in consequence, he was entitled to have his claim adjudicated singly and at a separate trial before a jury of his own selection. The court, thinking otherwise, struck the case from the list. This is the matter brought here for review on this writ-of-error.

The Act of August 13, 1894, provided that persons furnishing materials and labor for the construction of public works, shall, after complying with certain formalities, be authorized to bring suit in the name of the United States for their use against the contractor and his sureties. This statute gave each of such persons a separate and independent right of action on the bond, permitting as many suits against the surety as there were claimants, and as many trials as there were suits. This involved manifold inequities. It left claims of the United States on a parity with the claims of others; it permitted inequalities of recovery between claimants of the same class when the bond proved inadequate; it afforded no opportunity for contest by one claimant against the claim of another in preserving the security from diminution; it subjected sureties to multiplicity of suits and made possible divergent rulings by different courts on the same issues, resulting in prejudice and confusion. To overcome these and perhaps other disadvantages arising out of this statute, Congress, by the amendatory Act of February 24, 1905, did two things, first, it assured to the United States priority in its claims, Illinois Surety Co. v. Peeler, 240 U. S. 214, 218, 36 Sup. Ct. 321, 60 L. Ed. 609; and, second (while preserving the original right of action to materialmen and laborers), it provided:

"That where suit is so instituted by a creditor or by creditors, *only one action shall be brought*, and any creditor may file his claim *in such action* and be made *party thereto* within one year from the completion of the work under said contract, and not later. If *the recovery on the bond* should be inadequate to pay the amounts found due to *all* of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery."

It is clear from this amendment that Congress did not change the liability of sureties or withdraw from claimants their remedy on bonds for the construction of public works, previously provided by the Act of 1894; but changed simply the manner, and also the time, in which their remedy against sureties should be asserted. To overcome the inequalities and infirmities of the original statute, Congress intended, after the claims of the United States had been satisfied, to unite all claimants in a single proceeding, A. Bryant Co. v. N. Y. Steam Fitting Co., 235 U. S. 327, 337, 35 Sup. Ct. 108, 59 L. Ed. 253, to the end that, all matters in controversy between all claimants and the surety, as well as between the claimants themselves, arising out

of the obligations of the bond, should be litigated in one action, resulting in one recovery, in which, on the bond proving inadequate, distribution should be pro rata of the amount recovered.

This was, without doubt, the general intent of Congress. Whether there is any exception to it, we are not called upon to decide, because, in this case, none was claimed. If Miller was entitled to a separate trial by a jury of his own selection, or if he had a right to decline to submit his claim for trial with his co-intervenors, it could only have been because of some matter or circumstance addressed to the judgment or discretion of the trial judge, taking him out of the general provisions of the statute and placing him within some exception of the statute. No such matter or circumstance was claimed by Miller. He did not even move for a continuance of the case. As shown in the opinion of the learned trial judge, what Miller did was this;—being represented by counsel in court

"when the case was called for trial, after issue joined and the usual publication of the list, [he] *refused* and neglected to submit his claim for adjudication *without apparent reason or excuse.*"

Miller's action against this surety is not based on any right of action involving a common law right of trial by jury. It is based solely on the new right of action created by the statute "upon the terms named." Texas Cement Co. v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893; Illinois Surety Co. v. Peeler, 240 U. S. 214, 217, 36 Sup. Ct. 321, 60 L. Ed. 609. These terms provide for one action for all claimants, after the United States has been satisfied, and one recovery for all, under which distribution is made on the claims proved according as the security is adequate or inadequate. In this scheme of the statute, the necessary implication is, that there shall be one trial of the "one action." By refusing to submit his claim to trial in the manner and at the time afforded by the statute, without offering to the trial judge any reason or excuse which might have removed him beyond its general terms—as to the possibility of which we express no opinion—Miller waived the right of action which the statute gave him. As the right of action which Miller thus discarded could in no way have been revived and restored to him in the subsequent proceedings, it is not necessary to review those proceedings in search for irregularities involving error.

The order of the court below must, therefore, be affirmed.