AMERICAN SURETY CO. OF NEW YORK
v. FOUST.　(No. 651–4158.)

(Commission of Appeals of Texas, Section A.
May 13, 1925.)

1. Courts ☞169(7)—Penalty of contractor's
bond determines court's jurisdiction.

In a suit by a creditor against surety on
road contractor's bond, executed in accordance
with Vernon's Sayles' Ann. Civ. St. 1914, arts.
6394f–6394i, inclusive, surety's liability under
the bond as measured by penalty named therein
determines court's jurisdiction.

2. Abatement and revival ☞81—Objection that
county court without jurisdiction of separate
suit on contractor's bond, held not waived.

Since only one action can be maintained by
creditors against surety on contractor's bond,
executed under Vernon's Sayles' Ann. Civ. St.
1914, arts. 6394f–6394i, as jurisdiction is
determined by amount of bond, objection that
county court was without jurisdiction, held not
waived by delay in filing plea in abatement be-
cause of pendency of suit in district court of
another county.

Error to Court of Civil Appeals of Tenth
Supreme Judicial District.

Action by C. G. Foust against the American
Surety Company of New York and others.
Judgment of dismissal was reversed by the
Court of Civil Appeals (258 S. W. 921), and
the named defendant brings error. Re-
versed.

O. L. Stribling and F. M. Fitzpatrick, both
of Waco, for plaintiff in error.

S. J. T. Smith, of Waco, for defendant in
error.

GERMAN, P. J.　C. G. Foust instituted
this suit April 13, 1922, in the county court
of McLennan county against W. S. Bibb, Jr.,
and J. D. Hughes doing business under the
name of Bibb & Hughes and against the
American Surety Company of New York.
The petition exhibited a verified account in
the sum of $685.21, which represented lum-
ber and building material furnished Bibb &
Hughes and used by them in doing construc-
tion work on the public roads of Hill coun-
ty, under contract with that county of date
September 4, 1920.　There was also added
interest and attorney's fees, making the ag-
gregate demand $836.02.　The basis of lia-
bility alleged against the American Surety
Company of New York was that on September
15, 1920, Bibb & Hughes as principal and the
surety company as surety executed and de-
livered to Hill county a bond in the penal
sum of $186,000, conditioned among other
things that they would jointly and severally
pay all furnishers of material all money to
them owing by the said Bibb & Hughes for
material furnished and used in connection
with the construction or improvement of

roads in Hill county.　We will refer to par-
ties as in the trial court.

August 24, 1922, plaintiff caused to be pub-
lished in a newspaper in Hill county notice
of the institution of this suit, as required by
statute.

During the pendency of the suit Bibb &
Hughes were declared bankrupt, and they
were dismissed from the case.　For this rea-
son it is only necessary to consider the ac-
tion of the court as to defendant American
Surety Company of New York.

It is not shown when the surety company
filed its original answer, nor what it contain-
ed.　Its second amended original answer was
filed May 25, 1923, and contains numerous
exceptions and pleas, some of which ques-
tioned the jurisdiction of the court.　On the
same day it filed its plea in abatement, based
on the ground that the county court of Mc-
Lennan county was without jurisdiction to
try the case.　The principal contention was
that under article 6394h of Vernon's Sayles'
Civil Statutes, when suit is instituted by a
creditor or creditors upon a contractor's
bond, as in this case, it is especially pro-
vided that only one action shall be brought,
and all creditors are required to file their
claims and have them adjudicated in this
one action.　It was set up that there was
then pending a suit in the district court of
Hill county brought by various creditors to
recover on the bond, the amount of whose
claims was within the jurisdiction of the dis-
trict court, and was far in excess of the ju-
risdiction of the county court.　It was con-
tended that jurisdiction of the one action au-
thorized by the statute must be determined
by the amount of the bond, or by the sum
total of all claims, and not by the amount of
the individual claim sued upon; that, as
the amount of the claims sued upon in the
district court of Hil county was in excess
of the jurisdiction of the county court, those
claimants could not be required to intervene
in this case; but that the district court of
Hill county had exclusive jurisdiction, and
plaintiff in this case should be required to
intervene in the suit pending there.　This
contention was sustained by the trial court.
The Court of Civil Appeals at Waco reversed
and remanded the case, holding that the
county court had jurisdiction over the sub-
ject-matter of the suit, and that defendant
had waived its right to urge its plea in abate-
ment based upon the pendency of another
suit.　258 S. W. 921.

A decision of the case requires a review
of the provisions of the act of 1913, which
now appears as articles 6394f, 6394g, 6394h,
and 6394i of Vernon's Sayles' Civil Statutes.
By section 1 of said act it is provided that
any person having a contract with the state,
any county or school district, or any subdi-
vision thereof, or municipality, for the pros-

ecution and completion of any public work, shall be required to execute the usual penal bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him with labor or materials in the prosecution of the work. Any person who has furnished material shall have a right to intervene and be made party to any action instituted by the state, or any municipality on the bond, and have their rights adjudicated and judgment rendered thereon, subject to priority of claims and judgment of the state or municipality.

By section 2 it is provided that, if the state or municipality shall bring no suit within six months from the completion and final settlement of the contract, then any person who has furnished labor or material may obtain a copy of the contract and bond, and shall have a right of action for his own use and benefit.

Section 3 (article 6394h) among other things provides:

"Where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contractor, and not later."

By section 4 (article 6394i) it is provided:

"If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery; subject to the provisions in section 1 [art. 6394f] of this act, giving to the state or municipality the right of priority in the proceeds of such judgment. The sureties on said bond may pay into court, for distribution among said claimants and creditors, the full amount of the sureties' liability, to wit: The penalty named in the bond, less any amount which said surety may have had to pay to the state or municipality by reason of the execution of said bond, and upon so doing the surety will be relieved from further liability."

That the bond sued upon in this case was executed in accordance with the provisions of this law and the rights of the parties must be determined by the provisions thereof is too apparent from the record to need discussion.

[1] The paramount question for decision is this: In a suit by a creditor or creditors against a surety on a contractor's bond, executed in accordance with the provisions of the foregoing articles of the law, what is the subject-matter of the suit, or that which will determine the jurisdiction of the court? We do not think it is the amount of any individual claim nor the aggregate of all claims, but we think it is the obligation of the surety, or the surety's liability under the bond, as measured by the penalty named therein.

The act in question is in many respects an exact copy of article 6923 of the United States Compiled Statutes, and the decisions of the federal courts construing that article will be given great weight in arriving at an understanding of the purport of our statute. In the very recent case of Arnold v. Guimarin & Co., 263 U. S. 427, 44 S. Ct. 144, 68 L. Ed. 371, the Supreme Court makes it clear that an action on a bond under the federal statute involves the determination of two things:

(1) The liability of the surety on the bond, which, when adjudicated favorably to claimants and reduced to judgment, creates a fund (represented by the penalty of the bond) out of which claims are to be paid.

(2) The amount of the claims which may be allowed against the fund created by the bond.

The court refers to the case of La Bourgogne, 210 U. S. 95, 28 S. Ct. 664, 52 L. Ed. 973, involving a somewhat similar question, from which we quote the following brief statement:

"Now the case in the trial court primarily involved the right to a limitation of liability. The case further involved the nature and amount of the claims which were to be allowed against the fund."

Our statute expressly declares that there shall be but one action. It clearly contemplates but one recovery on the bond. It is manifest that the purpose of the one action was to determine the question of liability under the bond, and establish such liability by judgment, thereby creating a fund out of which to satisfy, first, the claims of the state or municipality, and then to discharge amounts found to be due creditors, either by paying them in full or pro rata. The allowance of claims is, of course, secondary to the main purpose of the action. The language of article 6394i makes this perfectly clear. It reads thus:

"If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery."

It also provides that this shall be subject to the right of the state or municipality to proirity in the "proceeds of such judgment," which means the judgment on the bond. It necessarily follows that the principal and primary cause of action is on the bond, the recovery being on the bond, in the nature of foreclosure, to secure the payment of any claim or claims which may be allowed for a breach or breaches of the bond, and the inevitable conclusion is that the penalty of the bond, which represents the potential liability of the surety, must govern in determining jusrisdiction of the action.

The statute has merely given recognition to the rule almost universally followed that in actions on a penal bond, which is to secure payment of various claims, or successive breaches, there can be but one judgment, and

that must be for the amount of the penalty, with assessment of damages for the breaches assigned. 9 C. J. pp. 125, 126.

The correct rule, we think, has been stated in 15 C. J. p. 768:

"It has been held that in an action on a bond it is the amount of the damages claimed, and not the penalty of the bond, which determines jurisdiction; the damages being the real amount in controversy and the penalty being regarded as in the nature of collateral security for the debt. But there is also authority for the view that the penalty of the bond is the amount in controversy for the purpose of determining jurisdiction. This apparent conflict may be reconciled by a distinction, which the cases do not always make clear, based on the nature of the bond and the judgment which must be entered in the action, and it is believed that the correct rule may be stated as follows: The amount of damages sought to be recovered controls where a judgment for that amount, although different from the penalty of the bond, determines the entire liability of the obligors. But the amount named as the penalty of the bond controls where the nature of the bond is such, or the practice with relation to such action requires, that the judgment must be entered for the full penalty of the bond to be discharged on payment of the damages or to stand as security for further breaches; the remedy therefor being by scire facias."

The federal law was first enacted August 13, 1894, and did not contain the provisions with reference to one action and one recovery on the bond. An amendment of February 24, 1905, added these provisions; the language being the same as that we have quoted from articles 6394h and 6394i above. In the case of Miller v. American Bonding Co. (C. C. A.) 262 F. 103, the court discusses the many inequities that existed under the old law, and in this connection said:

"It left claims of the United States on a parity with the claims of others; it permitted inequalities of recovery between claimants of the same class when the bond proved inadequate; it afforded no opportunity for contest by one claimant against the claim of another in preserving the security from diminution; it subjected sureties to multiplicity of suits and made possible divergent rulings by different courts on the same issues, resulting in prejudice and confusion."

After setting out the provisions of the amendment in 1905, the court says with reference to its purpose:

"To overcome the inequalities and infirmities of the original statute, Congress intended, after the claims of the United States had been satisfied, to unite all claimants in a single proceeding, * * * to the end that all matters in controversy between all claimants and the surety, as well as between the claimants themselves, arising out of the obligations of the bond, should be litigated in one action, resulting in one recovery, in which, on the bond proving inadequate, distribution should be pro rata of the amount recovered."

This was affirmed by the Supreme Court, 257 U. S. 304, 42 S. Ct. 98, 66 L. Ed. 250; the court stating that the action provided for by the statute "is a single action at law in which the several claimants are not entitled as of right to separate trials."

[2] It is perfectly apparent that, if the purposes of the statute are to be observed at all, even if the county court of McLennan county had entered judgment on the claim of the plaintiff, Foust, it would have been necessary to retain the case upon the docket, in order that Hill county, on the question of its priority, and all other parties having claims or equities, might intervene and have the rights adjudicated and proper distribution made of the recovery on the bond. Certainly, the possible claim of Hill county far exceeded the jurisdiction of the county court, and, as was made to appear by the plea in abatement, other claims were in excess of the county court's jurisdiction. This practically demonstrates that the purpose of the law would be defeated, if it be held that the county court had jurisdiction. A copy of the bond was attached to plaintiff's petition, and we think it affirmatively appeared that the county court was without jurisdiction of the subject-matter of the suit. The question was therefore one which was not waived by delay in filing the plea in abatement.

We think the purpose of this statute a wholesome one, and the Legislature was fully authorized to enact it. There is therefore no constitutional question to be considered.

It is our recommendation that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.