## WESLACO INDEPENDENT SCHOOL DIST. v. PITTSBURGH PLATE GLASS CO. et al. (No. 8010.)

Court of Civil Appeals of Texas. San Antonio. May 23, 1928.

Rehearing Denied June 20, 1928.

1. **Appeal and error ⬄282—Bill of exceptions, setting forth facts of case or facts involved in issue of law, is sufficient.**

When bill of exceptions is taken that sets forth facts of case or only facts involved in issue at law, that is all that is necessary for consideration of Court of Civil Appeals.

2. **Appeal and error ⬄907(3)—In absence of statement of facts or findings or sufficient bill of exceptions, appellate court must assume that trial court had before it all necessary evidence to support judgment.**

Where there is no statement of facts or findings made by the court and bills of exception do not set out sufficient facts for Court of Appeals to determine merits of controversy, court must assume that trial court had before it all necessary evidence to support judgment.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Venue ⬅️15—Action against school district, contractors, and sureties on their bond held properly brought in county of residence of sureties, where fund was impounded.**

Action by creditors against school district, contractors, and sureties on their bond *held* properly brought in county of residence of sureties, though it was not definitely shown that plaintiffs had lien or were entitled to lien on fund yet to be determined that school district owed contractors, where fund was impounded as a proceeding in rem.

**4. Venue ⬅️18—Privilege to be sued in own bailiwick is valuable right.**

The privilege to be sued in one's own bailiwick is a valuable right.

**5. Schools and school districts ⬅️81 (2)—Nonresident school district alleged to owe sums to contractor held properly made party in action against contractor and sureties on their bond (Rev. St. 1925, art. 5162).**

In action by creditors against contractors and sureties on their bond, brought in county of residence of sureties, *held* that, under Rev. St. 1925, art. 5162, providing that only one action con be maintained against surety on contractor's bond, nonresident school district, alleged to owe sums to contractor, though not yet determined, was properly made party.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Pittsburgh Plate Glass Company against the Weslaco Independent School District and others, wherein certain other parties intervened. From the judgment, defendant Weslaco Independent School District appeals. Affirmed.

Don A. Bliss, of San Antonio, and M. L. Dew, of Weslaco, for appellant.

Birkhead, Lang & Beckmann, Thos. G. King, Templeton, Brooks, Napier & Brown, Wilbur L. Matthews, Barrett, Barrett & Taylor, Eskridge & Williams, Arthur M. Green, and John P. Pfeiffer, all of San Antonio, for appellees.

COBBS, J. This suit was filed by the Pittsburgh Plate Glass Company against Southern Surety Company, Weslaco Independent School District, S. Bock, and John A. Bussey. The plaintiff Pittsburgh Plate Glass Company alleges in the petition that it is a corporation "organized under the laws of the state of Pennsylvania, with a permit to do business in Texas, and with an office in San Antonio, Bexar county, Tex.; that the defendant Southern Surety Company is a corporation organized under the laws of the state of Iowa, with a permit or certificate of authority to do business in Texas, with an agent, to wit, F. M. Coleman, in San Antonio, Bexar county, Tex., upon whom service of process may be had; that the defendant Weslaco Independent School District is a municipal corporation organized under the laws of the state of Texas, located at Weslaco, in Hidalgo county, Tex., with A. S. Pike as its secretary, upon whom service of process may be had"; and that defendants S. Bock and John A. Bussey "were then and are now copartners, and are engaged in business under the name and style of Bock Construction Company."

The prayer of plaintiff's first amended original petition is as follows:

"Wherefore, all the defendants herein having answered to plaintiff's original petition, plaintiff prays that upon hearing it have judgment against the defendants S. Bock and John A. Bussey, jointly and severally, and as copartners, engaged in business under the name and style of Bock Construction Company, for the sum of $334.43, with 6 per cent. interest from January 1, 1927, for judgment for said amount and interest against the defendant Weslaco Independent School District, with foreclosure of plaintiff's lien as it existed as of March 6, 1926, on the money and bonds and warrants then due and which thereafter became due by said defendant district to the defendants S. Bock and John A. Bussey, for judgment for said amount and interest against the defendant Southern Surety Company as surety under the aforesaid bond, for costs, and for all general and special relief, at law and in equity, to which plaintiff may be entitled."

There were many other parties who intervened, claiming an interest in the fund, not necessary to mention, whose fate will be determined by the action taken in reference to the disposition of the defenses of the Weslaco Independent School District. Appellee Pittsburgh Plate Glass Company filed no other pleadings. The interveners likewise are all seeking judgment upon their respective claims to come out of the funds aforesaid. No personal judgment was sought against the school district—only out of the fund.

[1] There is no statement of facts or findings made by the court and the bills of exception do not set out sufficient facts for us to determine the merits of the controversy. When a bill of exceptions is taken that sets forth the facts of the case, or only the facts involved in the issue of law, that is all that is necessary for the consideration of the court. In Craver et al. v. Greer et al., 107 Tex. 356, 179 S. W. 862, there is a very interesting and instructive opinion written by Mr. Chief Justice Phillips on the subject. Among other things, he says:

"The statute is plain in its declaration that upon causing the exception to be noted in the judgment entry, the party may, without further formality, take his appeal or writ of error. If he so elects, he may do so without a statement of facts, but upon the judge's conclusions of law and fact where request has been made that they be filed. He may appeal only upon a statement of facts, or without either conclusions of fact or a statement of facts, since the filing of neither is made a condition of the right of appeal. Whatever be the course pursued in

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

these matters, it is not necessary in such trials that a motion for a new trial be filed, though it is an optional and commendable practice."

[2] We must assume that the court had before it all necessary evidence to support the judgment.

[3] The suit was brought in the county of the residence of the bondsmen and the sureties. While the pleadings are very indefinite to show that the parties had a lien or were entitled to a lien on the fund yet to be determined that the school district owed or would owe the contractors, yet in such a case where the fund was to be impounded as a proceeding in rem, the court committed no error in overruling the pleas of privilege. Certainly not by the disclosed proceedings in this case.

[4, 5] The privilege to be sued in one's own bailiwick is a valuable right. Drug Co. v. Hamilton & McCarty, 92 Tex. 287, 48 S. W. 5. While this suit as against appellant is not on any obligation of appellant to pay any sum of money to any one save to the contractors and their creditors for work, etc., under the bond; it is brought under an exception in the statute. Article 5162, R. S., which provides: "Where suit is so instituted by a creditor or by creditors, only one action shall be brought." This is contended by appellees to justify the bringing of the suit against the nonresident school district, and they cite American Surety Co. of New York v. Foust (Tex. Com. App.) 272 S. W. 445, in further support of their contention. There is no question but that the suit was properly brought against the sureties on the bond in Bexar county.

It is said in American Surety Co. of New York v. Foust, supra:

"Our statute expressly declares that there shall be but one action. It clearly contemplates but one recovery on the bond. It is manifest that the purpose of the one action was to determine the question of liability under the bond, and establish such liability by judgment, thereby creating a fund out of which to satisfy, first, the claims of the state or municipality, and then to discharge amounts found to be due creditors, either by paying them in full or pro rata. The allowance of claims is, of course, secondary to the main purpose of the action. The language of article 6394i makes this perfectly clear. It reads thus: 'If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery.'

"It also provides that this shall be subject to the right of the state or municipality to priority in the 'proceeds of such judgment,' which means the judgment on the bond. It necessarily follows that the principal and primary cause of action is on the bond, the recovery being on the bond, in the nature of foreclosure, to secure the payment of any claim or claims which may be allowed for a breach or breaches of the bond, and the inevitable conclusion is that the penalty of the bond, which represents the potential liability of the surety, must govern in determining jurisdiction of the action."

Clearly, the statute contemplates the creation by the bond of a fund to be distributed among the creditors, for, as stated in the American Surety Co. v. Foust Case:

"The purpose of the one action was to determine the question of liability under the bond, and establish such liability by judgment, thereby creating a fund out of which to satisfy, first, the claims of the state or municipality," etc.

How could the claim of the "municipality" as well as other creditors be established unless all the parties in interest were present and before the court for that purpose? City of Tahoka v. Jackson, 115 Tex. 89, 276 S. W. 662.

We see no error committed by the trial court, properly assigned and presented, that should cause a reversal. The judgment is affirmed.