## TEXAS POWER & LIGHT CO. v. HILL et al.
### No. 7438.

Court of Civil Appeals of Texas. Austin.
April 23, 1930.

Rehearing Denied May 14, 1930.

Hart, Patterson & Hart, of Austin, for appellant.

R. B. Thrasher, of Austin, for appellees.

BLAIR, J.

██ This appeal is from a judgment for $723.25 for damages in a condemnation proceeding, wherein appellant condemned a 50-foot right of way or easement across two tracts of land owned by appellees, one containing 68 and the other 99 acres, upon which to erect and maintain its high power electric transmission line. With respect to the character and purpose of the right of way or easement, the court instructed the jury as follows: "That the essential elements of the right-of-way or easement consists of plaintiff's right to place and maintain its poles in and upon the land and to string or attach wires thereto and over the land, with the right to prohibit the erection of buildings and structures that will interfere with or endanger said transmission line, and to control all growth over 15 feet in height, that will endanger said transmission line, other than ordinary farm crops, on or within a space bounded by a line 25 feet on each side of and parallel to the center of the transmission line; and the right of ingress and egress to and from and over the strip of land described for the purpose of operating and maintaining said transmission line, but with no right to occupy any part of the surface of the land described, except the portion occupied by the poles and that portion necessary for ingress and egress in operating and maintaining the transmission line, and the right of defendants, F. W. Hill and wife, to use and pasture the above described land and to cultivate the same in ordinary farm crops, except in so far as the property is employed by plaintiff as above detailed is not interfered with by the condemnation."

The jury were further instructed that the measure of damages was the difference be-

tween the fair and reasonable market value of the strip of land taken for the easement, less its reasonable market value subject to the easement defined. "Market value" was defined and the following question propounded: "What was the market value of the land of defendants actually appropriated by plaintiff for the erection and maintenance of its transmission line at the time of the erection of such line?"

The jury answered the question, "$175.00 per acre." Appellant made no objection to the charge or the manner in which the issue of damages was submitted. It was agreed that there were 2.99 acres of land in the 50-foot strip condemned for the easement, and upon the jury's above answer, judgment was for appellee for $523.25. On motion for a new trial appellant objected to this judgment, because the land "actually appropriated" was not sufficient at $175 per acre to authorize the judgment for $523.25, it being contended that the land "actually appropriated" did not exceed 10 square feet around each pole. The contention is not sustained. The jury were instructed as above shown that the only land actually taken was that "occupied" by the poles. The charge further specifically described the character and purpose of the right of way or easement sought to be obtained by appellant. The jury were instructed that the measure of the damages resulting to appellees for this 50-foot strip for such right of way or easement purpose was the difference between its reasonable fair market value, less the reasonable fair market value of the strip after the use and occupancy by appellant as defined. The measure of damages as provided by article 3265, subds. 1 and 3, is the difference between the market value of the land immediately before and immediately after its appropriation for the purpose for which it is condemned; and, in effect, the jury so understood the charge and arrived at a fair and reasonable amount of damages as disclosed by the evidence. This conclusion is sustained by the case of Tex. Power & Light Co. v. Jones (Tex. Civ. App.) 293 S. W. 886 (writ of error refused).

Appellant insists that the recent case of Tex. Electric Service Co. v. Perkins (Tex. Civ. App.) 24 S.W.(2d) 320, is conclusive of the proposition urged that the jury were instructed that all of the 2.99-acre strip was actually appropriated. The jury were not so instructed in the sense that the entire strip was actually taken, but the easement or right of way sought to be condemned was specifically defined to them by the court's charge. We think that the rule laid down in that case as well as the charge and rule announced by this court in the case of Tex. Public Utility Co. v. Bass (Tex. Civ. App.) 297 S. W. 301, were observed by the trial court in submitting this case. If appellant had desired the jury to find as to the value of the land "actually taken" or occupied by the poles, it should have requested the court to have submitted the issue separately. Not having done so, we see no reason why the question submitted did not include all damages to the 50-foot strip of land condemned for right of way, and it is clear that it did include all elements of damages at issue. Tex. Electric Service Co. v. Wells (Tex. Civ. App.) 8 S.W.(2d) 707.

Over appellant's objection witness Robert Comer was permitted to testify as follows: "I also talked with J. W. Maxwell in regard to this matter. I told Mr. Maxwell that I hoped Mr. Hill would recover every cent he was asking for, because I knew that he (Hill) was a man that would not ask for anything to which he was not entitled." This was objected to on the ground that it was improper, uncalled for, and created a sympathy for Mr. Hill and bolstered him up as being honest and fair before the jury, and that same was immaterial. The record shows that the testimony was brought out on cross-examination and as testing the credibility of the witness. But, if the evidence was inadmissible for the reasons stated, its admission was harmless, as appears from the record. The only effect such evidence could have had was to increase the judgment in favor of the appellees, and to cause the jury to believe the testimony of Mr. Hill. The evidence is undisputed that Mr. Hill testified that his damages resulting from the condemnation of the 50-foot strip was more than twice what the jury awarded him. Several disinterested witnesses testified to much larger damages than found by the jury. Therefore the jury were not influenced by such testimony.

Appellant further contends that the judgment is erroneous because the trial court refused to strike out of appellees' petition the allegation that the land in controversy, because of its proximity to the city of Austin, was suitable to be cut up in acre blocks or tracts, and therefore more valuable than ordinary farm land. As we interpret appellant's objection, it seems that it was upon the ground that the allegation did not state "when (appellant) intended to use the land for such purpose or to subdivide the same," and that therefore appellees would be allowed to recover speculative or future damages. The petition simply alleged that the land was suitable for the purpose of being cut up in acre or smaller blocks and was valuable for that purpose at the time of the condemnation. The case was tried upon the theory that the land at present was suitable for that purpose and therefore had a much greater value than ordinary farm land, due to the fact that it fronted upon a well improved public highway, and the further fact of its being situated near to the city of Austin.

The rule is well settled that in estimating damages in cases of this character, the value of the land for any purpose for which it is adapted may be considered. Tex. Power & Light Co. v. Jones, supra; Perry v. Ry. Co. (Tex. Civ. App.) 238 S. W. 276; Penn. S. V. Ry. Co. v. Cleary, 125 Pa. 442, 17 A. 468, 11 Am. St. Rep. 913; Routh v. Tex. Traction Co. (Tex. Civ. App.) 148 S. W. 1152. Of course, these last three cases cited by appellant also hold that it is not competent for the owner of land to show that he intended to make some particular use of the property in the future and recover damages based thereupon, because same would be speculative; but in this case all of the witnesses testified that appellees' land was particularly adapted at the time it was condemned for being cut up into town lots or acre tracts, and that its value when so cut up ranged from $500 to $1,000 per acre. And all witnesses testified that the 50-foot strip was damaged more than one-half its value by reason of the easement.

The jury allowed $200 for injury to the remainder of the land by reason of the manner in which the electric company's line was placed across same, cutting off in one corner a small strip of land. No complaint is made with respect to this in any particular, except as to the sufficiency of the evidence to sustain the damages. The evidence fully sustains the finding of the jury in this respect.

Appellant presents some fifty assignments of error, upon which he predicates thirty propositions, which in the main raise the questions heretofore discussed. We have carefully examined all of them, and find them to be without merit, and affirm the judgment of the trial court.

Affirmed.