### JACOBSON v. JACOBSON.

### No. 2837.

Court of Civil Appeals of Texas. Beaumont.

Dec. 6, 1935.

Rehearing Denied Dec. 11, 1935.

D. E. O'Fiel, of Beaumont, for appellant.

A. L. Shaw, of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action for divorce by appellant, Ethel Jacobson, against appellee, F. M. Jacobson, with prayer for adjustment of property rights. In her petition appellant listed a large amount of personal property which she claimed to own as her separate estate. Appellee answered, praying for divorce, and claiming part of the property as his separate estate, and the principal part of the balance as community property. Two creditors intervened, one pleading an unsecured debt, and the other a debt secured by mortgage against certain of the property brought into the case by the pleadings of appellant and appellee, with prayer for foreclosure of lien. Pending the litigation, a receiver was appointed to hold and manage the property. The judgment recited that all parties appeared and announced ready for trial, that a jury was waived, and that the evidence and argument of counsel were heard by the trial court, whereupon judgment was entered granting appellant a divorce against appellee, fixing the rights of the parties in the property, granting the interveners judgment for the amounts of their respective claims, with foreclosure of lien, as prayed for. There is no statement of facts in the record.

Appellant's propositions are: (a) The court entered judgment without hearing testimony; (b) it conclusively appears that the property described in the pleadings was her separate property; (c) she was deprived of the privilege of securing counsel to represent her; (d) the court erred in awarding appellee judgment for a community interest in the property.

The record contains two bills of exception. One of these bills was prepared by the court, and recites as facts the very things that appellant assigns error against. Appellant made a notation on this bill that she refused to accept it, and presented to the court a second bill, which was a mere copy of her motion for new trial.

516

In this motion for new trial she recited as facts the conclusions upon which her propositions are based. The court refused to approve that bill of exception and made thereon this notation: "This bill is allowed subject to the bill heretofore made and filed herein on February 28th by me which I ask to be taken as a substitute and qualification of this bill tendered on this 1st day of March, A. D. 1935 and made a part of the record on appeal herein, witness this March 1st, A. D. 1935. Geo. C. O'Brien, Judge 58th District Court".

Appellant accepted this bill with the qualification, and filed it. She is therefore, bound by the fact recitations of the bill prepared and filed by the trial judge. There being no statement of facts, this court is bound by the recitations of the judgment, and by the facts recited in the trial court's bill of exception.

The judgment of the lower court is affirmed.