### CITY OF TYLER v. GINN et ux.
#### No. 6472.

Court of Civil Appeals of Texas. Texarkana.
Oct. 27, 1949.

Rehearing Denied Nov. 24, 1949.
Application for Writ of Error Dismissed
March 15, 1950.

Troy Smith, Tyler, Ted Chilcote, Tyler, for appellant.

Pollard, Lawrence & Reeves, Tyler, for appellees.

PER CURIAM.

This action was brought by the City of Tyler against W. W. Ginn and wife, Bertha, to condemn a narrow strip of land, a part of their homestead in the City of Tyler, for the purpose of widening State Highway 31.

Ginn and wife appealed from the award of the condemnation commissioners to the County Court of Smith County, Texas. Trial was to a jury on special issues and resulted in a verdict in favor of Ginn for $500.00 for the strip of land taken and $1500.00 for damages to the remainder of the homestead occasioned by taking of the narrow strip of land in front of his home, and judgment was entered in favor of Ginn and wife for that amount.

In its first point appellant, City of Tyler, asserts that the trial court erred in refusing to permit it "to prove that the

property involved in this suit was zoned for commercial purposes." Proof was offered by appellant city to establish that appellees' home was within Zone "J" industrial district (light). There seems to be no dispute about such fact and appellant's bill of exception clearly shows that the proof was available to it. In our opinion this testimony was admissible. We have found no Texas cases on this question but appellant has cited us to the following authorities from other states: Los Angeles City High School District of Los Angeles County v. Hyatt et al., 79 Cal.App. 270, 249 P. 221; City of Beverly Hills v. Anger et al., 127 Cal.App. 223, 15 P.2d 867; State ex rel. McKelvey v. Styner et al., 58 Idaho 233, 72 P.2d 699. These authorities hold that a zoning ordinance is admissible in evidence in a case of this character. In the second case cited above is this statement [127 Cal. App. 223, 15 P.2d 868]: "The zoning ordinance was properly admitted in evidence. It tends to show conditions and restrictions actually affecting the use of the property. Even though these restrictions are for a limited period of time, and may be waived or rescinded, still they do affect the temporary use and market value of the property. * * *"

We think the zoning ordinance was admissible either for or against the appellant or appellee for the reason that it might affect the market value of property in question. This point is sustained.

■ Appellant's second and third points relate to the alleged error of the court in limiting the testimony as to the value of the property involved to its value for residential purposes only and in refusing to allow the appellant city to prove the market value of property by "taking into consideration the purpose for which it was adapted and suitable." Appellant offered testimony as to the market value of appellees' residential property which took into consideration its adaptability as business property. All of its testimony along this line was refused by the trial court. In 29 C.J.S., Eminent Domain, § 160, p. 1024, the following rule is announced: "The value of the land condemned is not to be esti-

mated simply with reference to the condition in which the owner has maintained it or for the use to which it is at the time applied, but with reference to any use to which it is reasonably adapted. The best or most valuable use to which the property, which is taken for the public use, is adapted should be considered."

And the same authority in a note under this section states: "Most valuable use of land is basis for compensation to land owner." Texas Power & Light Co. v. Hill, Tex.Civ.App., 27 S.W.2d 842, error dismissed. In this note numerous citations from other states, including Pruner v. State Highway Commissioner, 173 Va. 307, 4 S.E.2d 393, 394. In this last case it is said: "Where a land owner's property is taken by eminent domain for a public use he is entitled to be compensated on the basis of the most valuable purpose for which the land is susceptible of being used."

■■ In arriving at the value of the condemned property and damages thereto consideration may also be given to the purposes for which the property is being used at the time of its condemnation. Texas Power & Light Co. v. Snell et al., 15 S.W.2d 180, by this court. It was held in Cincinnati Union Terminal Co. v. Banning, 27 Ohio N.P., N.S., 548, that all uses of the property condemned may be shown including its highest use. Under the above authorities it is our opinion that the proffered testimony was admissible as bearing upon the damage to the remaining part of appellees' homestead after the strip across the front had been condemned. There seems to be no question but that appellees are entitled to the highest value for which the property is adaptable. This rule we think applies not only to the property taken but also to the damage sustained to the remainder of appellees' homestead. But if appellant has evidence showing that the part of appellees' home remaining with the improvements, after the condemnation of the strip in front of it, is worth more, taking into consideration any and all uses to which it is reasonably adapted, after the improvement of Highway 31 than before the improvement was made, then the city would

have a right to produce said testimony. Under such circumstances the appellees would not be damaged and, of course, would not be entitled to recover. In our opinion points two and three must be sustained.

Our discussion of the three points noted above effectively disposes of all points brought forward by appellant.

For the reasons stated, the judgment of the trial court is reversed and remanded for a new trial.

Reversed and remanded.