## ANDREWS et al. v. CITY OF DALLAS.
### No. 14176.

Court of Civil Appeals of Texas. Dallas.
June 23, 1950.

Rehearing Denied Sept. 29, 1950.

J. Lee Zumwalt, Dallas, for appellants.

H. P. Kucera, City Atty., and H. Louis Nichols and Jon. H. Shurette, Asst. City Attys., all of Dallas, for appellee.

YOUNG, Justice.

A former memorandum order of date April 28, 1950, affirming above cause is this day set aside and withdrawn; and in lieu thereof this opinion of reversal and remand for a new trial is filed.

This is a proceeding instituted by appellee to condemn 1.8 acres of land out of a tract of 4½ acres owned by appellants. Because of an unsatisfactory award in the trial court, appellants have duly prosecuted this appeal.

Appellants' various points are based on bills of exception without a statement of facts. Bill No. 1, omitting formal parts, reads: "Be it remembered, that upon the trial of this cause, the defendants were

given the opening and closing of the arguments before the jury, and, after the defendants had made their opening argument, counsel for the plaintiff in his argument to the jury stated that the zoning of the property by the City for residence purposes and prohibiting its use for business purposes that only the value of the property for residence purposes could be considered or awarded by the jury, the evidence being that the four and half acres of land belonging to the defendants if used for residence purposes would not be of a value exceeding $200 per acre, but that if used for business purposes it would be worth from $500.00 to $1000.00 per acre more than for residence purposes. Counsel for the defendants in his closing argument stated to the jury that the zoning of the property by the City for residence purposes and prohibiting its use for business purposes and that its value for residence purposes only could be considered by the jury would enable the City to secure the property at a great deal less than its real value for business purposes, and that its acts in so zoning the property and seeking to pay only its value as residence purpose constituted a fraud upon the part of the City as against these defendants. Counsel for the City objected to the argument that the action of the City constituted a fraud against the defendants on the grounds that there was no pleading or evidence of fraud by the City; that the argument was prejudicial, inflammatory and was not a logical inference or conclusion to be drawn from the evidence and requested the court to instruct the jury not to consider the same, and, thereupon, the court sustained the objection made and instructed the jury not to consider the argument of the defendants above stated. The defendants then and there excepted because they say the action of the court was a comment upon the evidence which has been introduced before the jury and that the defendants were entitled to freely argue to the jury and draw such conclusions and comments from the testimony as they desired, and, they further say that the action and instruction of the court prohibiting said argument and instructing the jury not to consider the same was highly improper

and prejudicial and was a comment by the court upon the evidence and was an instruction by the court to the jury as to the weight to be given to the testimony, and, they further say that all this greatly injured and prejudiced them before the jury, and, the defendants hereby tender this their bill of exception No. One, and pray that it be approved by the court as a part of the record herein."

In passing on this bill the trial court qualified the same as follows: "During the course of the closing argument by the defendant (the defendant having the right to open and close) made a statement to the jury in substance as follows: 'The City of Dallas, by the use of its zoning ordinance, is attempting to perpetrate a fraud upon the defendants by this zoning property for residence purposes and thereby decreasing its value,' to which statement counsel for the plaintiff in open court objected upon the grounds that there were no pleadings or evidence of fraud by the City; that the argument was prejudicial, inflammatory and was not a logical inference or conclusion to be drawn from the evidence, and requested the court to instruct the jury not to consider the same. The court sustained the objection made by the plaintiff and instructed the jury not to consider the remarks of counsel for the defendant in regard to the use of the zoning ordinance by the City of Dallas to perpetrate a fraud upon the defendants, to which action of the court the defendant excepted. The above bill of exception, as qualified, is approved."

Appellants assert that the trial court in sustaining the City's objection and in instructing the jury not to consider such argument of their attorney, all over their objection, was reversible error, to which appellee counters that the argument was prejudicial, inflammatory, etc., and appellants' contention should not be considered because there is no statement of facts in the record.

■ A formal statement of facts is not essential to a review of judgment on the merits, when all the facts necessary to a determination of the assigned error other-

wise appear in the record, e. g., by bill of exceptions, recitals of judgment, etc. Salinas v. Wright, 11 Tex. 572; Weslaco Independent School District v. Pittsburgh Plate Glass Co., Tex.Civ.App., 7 S.W.2d 911; Jacobson v. Jacobson, Tex.Civ.App., 88 S.W.2d 515. Says the Court in Dickey's Estate v. Houston Independent School District, Tex.Civ.App., 300 S.W. 250, 252: "It is insisted in the motion that in the absence of a statement of facts this court should not have undertaken to determine as it did that specified rulings of the trial court were erroneous, nor, if erroneous, that the errors operated to prejudice rights of appellant. Our conclusion to the contrary was on the theory that it was our duty to look to bills of exceptions in the record, and that, looking to same, enough appeared to require a consideration of the contentions stated and to justify the rulings made. The motion is overruled."

■ The only question here is whether the bill recites sufficient facts which, when taken with appellee's objection and the court's ruling, present error. In an eminent domain proceeding by a political subdivision to subject a citizen's property to a public use, the measure of damages is the highest value of the property for any use for which the property is adaptable. Texas Power & Light Co. v. Hill, Tex.Civ.App., 27 S.W.2d 842, Syl. 6, discussed on page 844 (writ dismissed w. o. j.), and cases there cited.

■ Where a city has zoned the property being condemned by it for residence use, it is error to exclude evidence of market value for residence purposes; it is also error to exclude its market value for any other purpose for which it is adaptable; and it matters not that the land may be presently unavailable under the zoning ordinance for all of such purposes. City of Tyler v. Ginn et ux, Tex.Civ.App., 225 S.W.2d 997, writ dismissed w. o. j., Tex.Sup., 227 S.W.2d 1022.

After all circumstances and adaptable uses were in evidence, it was for the jury to reach their conclusion from such evidence as to a fair and reasonable compensation to appellants for the property taken

■ Aforesaid bill of exception clearly certifies to evidence in the record of land values for both residential and business purposes. It also shows the argument of appellee City to the effect "* * * that the zoning of the property by the City for residence purposes and prohibiting its use for business purposes that only the value of the property for residence purposes could be considered or awarded by the jury, * * *." The bill also shows appellant Andrews' reply to which the court sustained objections. In our opinion the argument was not objectionable, since it was appellants' conclusion and comment on the evidence and an answer to appellee's argument, as appellants viewed it. The argument made by appellee was incorrect, as the jury was entitled to consider value of the acreage for business along with all other evidence before them on value and uses. City of Tyler v. Ginn et ux, supra.

■ The court's error in excluding the argument and in instructing the jury as it did was material, since the verdict of the jury allowed a recovery in a sum less than the maximum of the adduced values for residence purposes and also less than the minimum for a possible business use.

The other contentions raised will not likely reoccur.

For the error pointed out the judgment below is reversed and cause remanded for another trial.

BOND, Chief Justice, dissents.

BOND, Chief Justice (dissenting).

I adhere to our original "Per Curiam Opinion" affirming the judgment of the trial court. In absence of a statement of facts, or findings by the court, it cannot be said that the action of the trial court in sustaining the defendant's (appellee's) objection to plaintiffs' (appellants') argument, as reflected in the bill of exception, that the City's acts, in zoning the property involved for residential purposes and prohibiting its use for business purposes and "in so zoning the property and seeking to pay only its value as residence purposes constituted a fraud upon the part of the

City as against these defendants," present error as to warrant a reversal and remand of this cause "Because," forsooth, as stated by the majority, "of an unsatisfactory award in the trial court." On appeal, it could hardly be expected that an adverse judgment, or award, of the trial court would be satisfactory to an appellant.

In the record here there is neither pleading nor evidence, and such is not disclosed by the bill of exception, that the City of Dallas or its Commissioners fraudulently zoned the property involved in this suit; and, indeed, such may not be assumed on appeal. Even if it could be said that there was evidence in support of such baseless charge of fraud, either direct or by inference, such would not be relevant in the condemnation proceedings instituted by the municipality; and, certainly, it does not behoove an attorney to make such charge in absence of evidence. The trial court, in respect to an orderly and impartial trial, could, with judicial propriety, with or without objection, have stopped such unwarranted imputation of fraud.

Appellants' points of error, in briefs, by which he seeks a reversal of the judgment of the trial court, are: First point: "The court erred in sustaining objection and instructing the jury not to consider the argument of appellants' attorney that the City of Dallas was guilty of fraud in zoning appellants' property which reduced its value and in seeking to condemn the same at the reduced value, because the action of the court was a comment upon the testimony." Second point: Because the action of the court, id., "* * * injured and prejudiced them before the jury." Third point: id., "* * * because the appellants were entitled to freely argue to the jury and draw such conclusions and comment from the testimony as they desired." It will be thus seen from appellants' brief that they make no assignment, or point of error, as to admission or rejection of evidence. In absence of such assignment of error, the Court is not authorized to reverse and remand the cause on grounds dehors the record.

The action of the majority in reversing and remanding this cause, as reflected in their opinion, is of such fundamental error of law as to warrant the Supreme Court to entertain jurisdiction of the cause, either on application for writ or certificate by this Court, in the interest of orderly trial. I respectfully dissent from the majority.