UNITED STATES, to Use of FRANCINO et al. v. WELLES et al.

(District Court, M. D. Pennsylvania. April 10, 1919.)

No. 600.

UNITED STATES ⊙═67(3) —BUILDING CONTRACTS—BOND.

Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), authorizing laborers and materialmen to sue on public contractor's bond, contemplates one trial, in which all claims shall be adjusted, and a claimant failing, without apparent excuse, to participate in trial with other claimants, cannot subsequently sue on bond.

At Law. Action by the United States, to the use of Francino and others, against M. P. Welles, contractor, and the American Bonding Company, as surety. On rule to show cause why the case should not be stricken. Rule made absolute.

R. W. Archbald, of Scranton, Pa., and Jas. G. Glessner, of York, Pa., for C. E. Miller.

Welles & Torrey, of Scranton, Pa., and F. B. Bracken, of Philadelphia, Pa., for Bonding Co.

WITMER, District Judge. This action was brought under Act Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. § 6923), to recover upon the bond given by the contractor for the construction of the post office building, at York, Pa. It was instituted in the name of the United States, by Subcontractor Francino, in which he was joined by seven other persons claiming for material and labor furnished in the construction and completion of the building. Among the intervening claimants was one C. E. Miller, who when the case was called for trial, after issue joined and the usual publication of the list, refused and neglected to submit his claim for adjudication without apparent reason or excuse. The trial proceeded, and after submission of the intervening creditor's claims, excepting Miller, the jury returned a verdict, in favor of the several interveners respectively, aggregating less than the penalty named in such bond. Final judgment was afterwards entered upon the verdict. Almost four years have since elapsed. The intervening creditor, Miller, now comes and insists on submission and trial in respect of his claim.

The defendants contend that he is too late, having failed to present his claim upon the trial his opportunity has passed; that he is not entitled, under the statute, to separate trial after final judgment has been entered in the case. While the several intervening creditors have admittedly respectively and distinctively independent causes of action (Title Guaranty Co. v. Crane, 219 U. S. 35, 31 Sup. Ct. 140, 55 L. Ed. 72), do they have, under the statute, the right to several trials by jury? We think not. The statute in its general scope contemplates one trial or submission for adjudication of all the intervening claims, in order that its provisions may be harmoniously carried into effect. The action provided is on the bond for the recovery of the penalty

which stands primarily for the protection of the government, and then for distribution among the creditors of the remaining part of the penalty after the satisfaction of the government's demand. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due to the United States, the remainder shall be distributed pro rata among said interveners. It is quite clear that it was intended that the rights of all parties intervening should be determined and adjudicated in one trial and by one judgment; otherwise the rights of the several plaintiffs and defendants could not be determined and adjudicated as provided. U. S. v. McGee (C. C.) 171 Fed. 207.

The obligation of the surety as fixed by the bond is enforced in a single proceeding (Bryant Co. v. N. Y. Steam Fitting Co., 235 U. S. 337, 35 Sup. Ct. 108, 59 L. Ed. 253), for the benefit of the several claimants prosecuted to final judgment and execution. Such proceeding, or action, as was said by Mr. Justice Van Devanter, in United States v. Congress Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163, "shall be so instituted and conducted, in point of notice and otherwise, that all demands of that class may be adjudicated therein and included in a single recovery." This, I take it, implies a single trial and consequent judgment, and furnishes sufficient authority for the conclusion reached.

When this case was set down for trial and in due time tried, Miller was afforded an opportunity for making out his case against the defendant, contractor, and the bonding company as surety, and having failed to prove his claim, though represented by counsel who was in court on the inception of the trial, he has now no standing to insist on placing a case upon the trial list that has been tried.

The rule to strike off is made absolute.