## MILLER v. AMERICAN BONDING COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD
CIRCUIT.

No. 59. Argued November 8, 1921.—Decided December 12, 1921.

1. The proceeding which the Act of August 13, 1894, c. 280, 28 Stat.
   278, as amended February 24, 1905, c. 778, 33 Stat. 811, permits
   to be brought, in the name of the United States, upon the bond
   of a public contractor, to satisfy private claims for labor and ma-
   terials, is a single action at law in which the several claimants are
   not entitled as of right to separate trials. P. 307.
2. In actions at law it is only in exceptional instances and for special
   and persuasive reasons that distinct causes of action, asserted in the
   same case, may be allowed separate trials; and the allowance rests
   largely in the court's discretion. P. 308.

262 Fed. 103, affirmed.

ERROR to a judgment of the Circuit Court of Appeals
affirming an order of the District Court striking a case
finally from the trial list.

*Mr. James G. Glessner,* with whom *Mr. R. W. Archbald*
was on the brief, for plaintiff in error.

*Mr. Francis B. Bracken* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of
the court.

The American Bonding Company was the surety in a
bond given to the United States to secure the performance
of a contract to construct a public building, at York,
Pennsylvania, and the prompt payment of claims for
labor and material supplied to the contractor in the prose-
cution of the work. The building was completed and a
final settlement as between the contractor and the United
States was had. No action on the bond was begun by the
United States in its own behalf; but an action thereon in
the name of the United States was seasonably brought by

Caesar Francini for his use and benefit. He claimed that he had supplied some of the labor and material and had not been paid. In due time others making similar claims intervened in the action for the purpose of presenting their claims, having them adjudicated and realizing on the bond. C. E. Miller was one of the claimants who intervened.

The bonding company interposed affidavits of defense to all the claims, and after issue was thus joined the action was set for trial at a stated session of the court and all the parties were notified. At the appointed session a trial was had, before the court and a jury, in which all the claimants other than Miller participated. Although represented by counsel who was present when the trial was begun, Miller neither asked a continuance nor requested a separate trial; and yet " without apparent reason or excuse " he refused and neglected to submit his claim for adjudication at that time. The jury returned a verdict for each of the other claimants and a judgment giving effect to the verdict was entered, the aggregate of the claims included in the judgment being less than the amount of the bond. The surety sought a review in the Circuit Court of Appeals and that court affirmed the judgment as to all the claims but one, and as to it reversed the judgment with a direction for a new trial. 233 Fed. 364. That claim was then compromised and settled, so the new trial was not had.

Shortly after the trial and verdict Miller caused the case to be put on the trial list for a separate trial of his claim. The bonding company promptly challenged his right to do this, but consented that, if a new trial of the other claims should be ordered and had, his claim might be submitted with the others on the retrial. The court then directed that the case be left off the trial list pending the review in the Circuit Court of Appeals. That review, as we have seen, did not result in a new trial of the

other claims or any of them.   More than two years after the review Miller again caused the case to be put on the trial list, and the court, on the bonding company's motion, struck it from the list.   The court did this on the ground that the case had been theretofore set for trial and tried, that on that trial Miller had been afforded and had re-jected an opportunity to establish his claim and that he was not entitled to another opportunity to establish it. 256 Fed. 545.   The Circuit Court of Appeals affirmed that decision, 262 Fed. 103, and Miller sued out the present writ of error.

Whether the court erred in denying Miller another op-portunity to establish his claim, and thereby in effect dis-missing it, is the question for decision.   He particularly insists that he was entitled as of right to a separate trial and was not required to participate with other claimants in a common trial.

The bond was given, and the action was brought, under the Act of August 13, 1894, c. 280, 28 Stat. 278, as amended February 24, 1905, c. 778, 33 Stat. 811.   That act contemplates and provides for two kinds of action on such a bond—one brought by the United States in its own behalf; the other brought in its name for the use and benefit of a claimant who supplies the contractor with labor or materials for which the contractor fails to pay. Where the United States sues in its own behalf any one having a claim for labor or material used in the work is accorded a " right to intervene and be made a party " and to have his claim " adjudicated in such action and judg-ment rendered thereon," subject to a priority which is accorded to the claim of the United States; and, if the recovery on the bond be not sufficient to pay all the claims, the judgment must direct the payment of the full amount due the United States and the distribution " pro rata among said interveners " of the remainder of the re-covery.   Only when the United States does not sue

within six months " from the completion and final settlement of said contract" may an action in its name be brought by a private claimant for his use and benefit. Where such a claimant sues "only one action shall be brought, and any creditor may file his claim in such action and be made party thereto;" and if the recovery on the bond be not sufficient "to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery." In any suit notice is to be given informing all creditors of "their right to intervene."

This summary of the act suffices to show that all claims under the bond are to be presented, adjudicated and enforced in a single action in which every claimant may intervene and be heard as a party to it. Of course the purpose in this is to avoid the expense, confusion and delay incident to a multiplicity of actions, to enable each claimant to be heard not only in support of his own claim but also in opposition to the claims of others in so far as their allowance may tend to prevent the full payment of his claim, and generally to conserve the common security for the benefit of all who are entitled to share in it.

The right of action given to those who have claims against the contractor is a creature of the act and the mode of enforcement there prescribed cannot be disregarded. *Texas Portland Cement Co.* v. *McCord,* 233 U. S. 157, 162; *United States* v. *Congress Construction Co.,* 222 U. S. 199. We have held that the enforcement is to be in a proceeding at law, and not in equity. *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214, 223. The provision that there shall be but one action, which shall be open to all claimants, and the provision dealing with the judgment to be entered, show that the action is to proceed as a single case. There is nothing in the act indicative of a purpose to accord to each claimant a separate trial as of right; and to do so would make the provision for a single

action of little avail.   In actions at law the general prac-
tice is to try all the issues in a case at one time; and it is
only in exceptional instances where there are special and·
persuasive reasons for departing from this practice that
distinct causes of action asserted in the same case may be
made the subjects of separate trials.   Whether this reason-
ably may be done in any particular instance rests largely
in the court's discretion.   See *Connecticut Mutual Life
Insurance Co.* v. *Hillmon,* 188 U. S. 208, 210.

·We conclude that Miller was not entitled as of right to
a separate trial and that on this record it cannot be said
that the court erred in refusing him a second opportunity
to establish his claim, and in effect dismissing it.

*Judgment affirmed.*