UNITED STATES, to Use and Benefit of SARGENT CO. v. CENTURY INDEMNITY CO. (ORNAMENTAL IRON WORK CO. et al., Interveners).

No. 1361.

District Court, D. Maine, S. D.

Feb. 19, 1935.

Burleigh Martin, of Augusta, Me., for plaintiff.

Elton H. Thompson, of Portland, Me., for Ornamental Iron Works Co.

Ernest Noble, of Portland, Me., for Chamberlain Metal Weather Strip Co.

Raymond Oakes, of Portland, Me., for defendant.

PETERS, District Judge.

Proceeding under the authority of the Act of August 13, 1894, as amended (40 US CA § 270), the Sargent Company brought this suit in the name of the United States against the Century Indemnity Company, the surety on a bond given by a contractor who constructed buildings for the government at the Soldiers' Home in Togus; the Sargent Company being a creditor of the contractor.

Thereafter sundry other creditors filed their claims in court and asked to intervene in the same suit, among them the Ornamental Iron Work Company and the Chamberlain Metal Weather Strip Company, referred to as interveners.

There have been filed, and I have heard, the following motions:

1. A motion by the defendant to dismiss the action.

2. A motion by the use plaintiff and one by the intervener Ornamental Iron Work Company to consolidate this suit with one brought previously on the same contract and bond by the Frank M. Brown Company, as use plaintiff.

3. Motions by the interveners, Ornamental Iron Work Company and Chamberlain

810

Metal Weather Strip Company, to amend their petitions to intervene by inserting words appropriate to interventions in the Brown suit.

(1) It appears that, while there was only one contractor, there were two contracts with the government covering separate construction. One contract was known, for convenience, as "V. A. C. 193," and the other "V. A. C. 259." The Brown Company, being a creditor of the contractor, took the necessary steps and brought its suit on the bond as permitted by statute within the required time. This suit described contract V. A. C. 193, for the construction of the "Administration Building," so called, as the one under which the plaintiff furnished materials as a subcontractor. The writ in the Brown suit was filed in the clerk's office September 18, 1934.

The Sargent Company, being in a situation similar to that described by the Brown Company in its writ, brought suit on the same contract against the same defendant in the name of the United States and filed its writ September 20, 1934.

■ The statute, of course, provides that under such circumstances only one suit may be brought, and it is well settled that if a second suit is begun it is a mere nullity and must be treated as such. The court is without jurisdiction of a second suit. Mandel v. U. S. (C. C. A.) 4 F.(2d) 629, certiorari denied 268 U. S. 698, 45 S. Ct. 515, 69 L. Ed. 1163.

On the face of the record it is clear that the motion to dismiss must be granted.

■ It has been suggested in opposition to this motion, however, that instead of treating this, the second suit, as a nullity, the Brown suit should be so regarded and the Sargent suit should be considered the first suit, for the reason, as alleged by counsel, that the labor and material furnished by the Brown Company were not, as a matter of fact, furnished under the contract mentioned in its writ, but went into another building on the grounds built under another contract, V. A. C. 259.

As to whether this assertion is well founded I have no knowledge. It may be that, at a trial, the plaintiff Brown Company could not prove its claim and that judgment would be against it. However, that is not material so far as the interventions are concerned. That suit was brought on the bond given for the performance of the contract described in the writ. The statute provides that when one such suit is brought the field is occupied and all other creditors having similar claims must come in by intervention and cannot bring a separate suit. It might sometimes very well be that the first or principal suit could not be sustained on its merits. The statute does not make the successful issue of the first suit a condition of intervention. If the suit is properly brought on the contract and bond, it is rightfully in court, and the pertinent allegations are adopted by the several interveners as if separately set forth by them. It is not the merit of the first suit that is important. It is the allegations. The interveners ordinarily have no way of knowing whether the first suit is well founded or not. It is the bond they are interested in, and they have no concern with the merits except as the amount finally awarded would affect the amount to be distributed among all claimants. Miller v. American Bonding Co., 257 U. S. 304, 42 S. Ct. 98, 66 L. Ed. 250.

Otherwise the remedy given creditors would many times be futile, and certainly could be rendered futile by a spurious and groundless suit first brought in bad faith at the instigation of a dishonest surety.

The Sargent suit, being a second suit on the same contract and bond described in the first suit, comes within the clear prohibition of the statute and must be dismissed. That motion is granted.

■ (2) The motions to consolidate this Sargent suit with the Brown suit must be denied for reasons obvious from the above. The Sargent suit being a nullity, there is nothing to consolidate. It is not recognized as a suit in court. Being nothing, it cannot be added to anything with any effect.

(3) The motions to amend remain to be considered. A denial of these motions would work injustice, if not oppression.

■ The Ornamental Iron Work Company, intervener, is a corporation of Akron, Ohio, where its attorneys were located. On application to the Treasury Department for information, the acting secretary sent them a circular which undertakes to give the procedure under this statute called the "Heard Act," and this circular, among other things, states that, "Persons wishing to know whether any suit has been instituted upon the contractor's bond in a given case should inquire of the clerk of the United States district court for the district in which the contract work is located." Thereupon, the attorneys wrote the clerk of this court on October 8, 1934, as follows:

"We represent The Ornamental Iron Work Co., of Akron, Ohio, which furnished the contractor constructing Veterans' Hospital at Togus, Maine, with materials for which our client has not been paid, and we have but a few days left in which to bring a suit under the Materialmen's Act (Heard Act) on the bond of the contractor, Charles Smith & Sons, Derby, Conn., upon which the Century Indemnity Co., Hartford, Conn., is surety, or in which to intervene in any suit already brought either by the United States or another in the name of the United States for his use on said bond.

"Kindly let me know promptly whether or not such a suit is now pending in the Court, brought by the United States or in the name of the United States for the use and benefit of others against Charles Smith & Sons, as principal, and Century Indemnity Co. as surety, in connection with the Tog, Maine, job. If suit has been brought, kindly give us the title, number, etc., thereof, to enable us to prepare for filing in the case a petition for intervention therein. * * *"

The clerk replied on October 10th as follows: "Replying to your letter of the 8th instant I will say that a suit was entered in this Court September 20, 1934, the writ showing United States of America to the use and benefit of the Sargent Company, a corporation of New Haven, Conn., against Charles Smith & Sons Inc. and the Century Indemnity Company, under the Heard Act. Before filing or service the name of Charles Smith & Sons Inc. was stricken out, so that the suit as filed in this Court is now against the Century Indemnity Company. * * *"

The attorneys naturally did not consider the possibility of there being two suits brought under such circumstances that one would be void, nor did the clerk do more than promptly give the information asked for; that is, the title and number of a suit brought in the name of the United States for the use and benefit of others against Smith & Sons as principal and Century Indemnity Company as surety, in connection with the Togus job. No blame is to be attached to either. The purpose of the Ornamental Iron Work Company, through its attorneys, was to intervene in such a suit as they described, if there was any such pending. It turns out that the suit was the Brown suit. While there was another suit on the docket properly described by the clerk, it turns out now, as I have ruled as a matter of law, that there was no other suit, as what appeared to be a suit was a nullity. The claims of the inter-

veners were filed in time and in all respects complied with the law, and it is clear that the interventions contemplated joining with a previous action on the same bond if there was any such pending against the same defendant. There was only one action then pending in reality, and that was the Brown suit. The interveners could not sue separately. They could only bring their claims into court to be considered with other claims of a like nature. The language in the intervening petitions was appropriate in all respects to this purpose except in the name of the use plaintiff, in the suit then pending by the United States against the surety company. When the petitions to join the pending suit by the United States against the Century Indemnity Company were filed, the name of Sargent was used instead of Brown by an error and a misapprehension created by this court through its clerk, although no fault is to be ascribed to him under the circumstances.

When the error was discovered, the interveners were too late under the statute to file new petitions. To deny them the remedy afforded by the statute, under the situation described, would represent a harsh and technical construction of the law.

This is a remedial statute to be liberally construed. The statute contemplates the filing in court of the several claims. They were so filed, and seasonably. I see no reason why they should not be considered as attached to the principal and only suit really pending. The amendment cures an error in description, carries out the intention of the parties, and gives them the rights the statute confers upon them.

The following language was used concerning the Heard Act, by Mr. Justice Brandeis for the Supreme Court in Illinois Surety Company v. John Davis Co., 244 U. S. 376, 380, 37 S. Ct. 614, 616, 61 L. Ed. 1206: "The purpose of the act was to provide security for the payment of all persons who provide labor or material on public work. This was done by giving a claim under the bond in lieu of the lien upon land and buildings customary where property is owned by private persons. Decisions of this court have made it clear that the statute and bonds given under it must be construed liberally, in order to effectuate the purpose of Congress as declared in the act. In every case which has come before this court, where labor and materials were actually furnished for and used in part performance of the work contemplated in the bond, recovery

was allowed, if the suit was brought within the period prescribed by the act. Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute."

The amendments are allowed, and the claims of the interveners mentioned may be considered filed in the action of the United States, for Use of Brown Co., **v.** Century Indemnity Company.