DaCosta DANIELS, individually and DaCosta Daniels as mother, guardian and next friend of Y.A., a minor child, Plaintiffs,

v.

The CITY OF SIOUX CITY, et al., Defendants.

No. C13–4068–MWB.

United States District Court, N.D. Iowa, Western Division.

Sept. 13, 2013.

**510**

Tod J. Deck, Deck Law, Sioux City, IA, for Plaintiffs.

Deena Ann Townley, Douglas L. Phillips, Klass Law Firm, L.L.P., Sioux City, IA, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

Defendant the City of Sioux City (the City) has filed a motion (Doc. No. 13) to bifurcate claims and to stay discovery and trial. Plaintiffs have filed a resistance (Doc. No. 17) and the City has filed a reply (Doc. No. 19). I find that oral argument is not necessary. *See* Local Rule 7(c). The matter is fully submitted.

## *BACKGROUND*

Plaintiffs DaCosta Daniels, individually, and DaCosta Daniels, as mother, guardian and next friend of Y.A., a minor (collective, Daniels), filed this action on July 29, 2013. The complaint (Doc. No. 2) describes events that allegedly occurred on August 8, 2011, during DaCosta Daniels' arrest by Joshua Tyler, a Sioux City Police Officer. Daniels alleges that Tyler employed excessive force in making the arrest. In Counts I and II, she asserts claims against Tyler for common law assault and, pursuant to 42 U.S.C. § 1983, deprivation of her constitutional rights. In Count III, Daniels asserts a claim against the City alleging that it failed to properly train Tyler and that Tyler was acting pursuant to a policy or custom of the City.[1]

The complaint also describes events that allegedly occurred on or about February 23, 2012, when Y.A., who is Daniels' daughter, was attending classes at West Middle School in Sioux City. Plaintiffs allege that a video of Daniels' arrest by Tyler was shown to Y.A.'s entire class during class time. Counts IV and V assert claims on behalf of Y.A. against both the City and The Sioux City Community School District (the District) for intentional and negligent infliction of emotional distress. Finally, Count VI consists of a request for punitive damages against all defendants.

Tyler and the City filed an answer (Doc. No. 12) on August 20, 2013. The answer denies wrongdoing and liability and includes various defenses. On the same date, the District filed a pre-answer motion (Doc. No. 14) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) based on an alleged lack of subject matter jurisdiction. That motion is pending.

Also on August 20, 2013, the City filed its present motion to bifurcate claims and to stay discovery and trial. The City asks that the claims against it be separated from the claims against Tyler, with the claims against Tyler being tried first. It further asks for a stay of discovery on the claims against the City pending resolution of the claims against Tyler. In general, the City contends that it is a waste of time to conduct discovery and proceed to trial on the *Monell* claim because Daniels' recovery, if any, will depend on the outcome of her claims against Tyler. The City contends that if Daniels prevails on those claims, she will obtain a full recovery for all compensable damages, as the City will be required to indemnify Tyler. The City further contends that if Daniels does not prevail against Tyler, then she will have no cognizable claim against the City. As such, the City believes it would be more efficient to bifurcate the *Monell* claim and put discovery regarding that claim on hold until the claims against Tyler are resolved.

Daniels resists, contending that the claims against Tyler are not separable from the

---

**1.** Count III is a *"Monell"* claim, named after *Monell v. Dep't of Soc. Servs. Of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (local government is liable under

§ 1983 for its employee's wrongful conduct only if that conduct occurred pursuant to the local government's policy or custom).

claim against the City. She also contends that bifurcation would be prejudicial, would hinder judicial economy and would impair her ability to be made whole. For similar reasons, she contends that discovery regarding her *Monell* claim should not be stayed.

### ANALYSIS

As noted above, the City's motion seeks to both bifurcate the *Monell* claim and stay all proceedings regarding that claim until the claims against Tyler are resolved. I will address bifurcation first.

### A. Bifurcation

The Rules of Procedure state:

SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42(b). As its permissive language suggests, Rule 42(b) gives district courts broad discretion to bifurcate issues for purposes of trial. *O'Dell v. Hercules, Inc.,* 904 F.2d 1194, 1201–02 (8th Cir.1990). For example, bifurcation may be used to resolve one liability claim that will aid the resolution of other liability claims. *Jinro America, Inc. v. Secure Investments, Inc.,* 266 F.3d 993, 998 (9th Cir.2001). The factors to consider in deciding whether or not to bifurcate include "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Eischeid v. Dover Constr., Inc.,* 217 F.R.D. 448, 466 (N.D.Iowa 2003) (citing *O'Dell,* 904 F.2d at 1201–02, as identifying pertinent factors, and noting that Rule 42(b) expressly identifies "expedition" and "economy" as pertinent factors).

Although the Eighth Circuit has not specifically addressed the bifurcation of *Monell* claims from Section 1983 claims against an individual officer, other circuits considering the issue have found that bifurcation is permissible. *See, e.g., Wilson v. Morgan,* 477 F.3d 326, 340 (6th Cir.2007); *DiSorbo v. Hoy,* 343 F.3d 172, 179 (2d Cir.2003); *Treece v.*

*Hochstetler,* 213 F.3d 360, 365 (7th Cir.2000); *Quintanilla v. City of Downey,* 84 F.3d 353, 356 (9th Cir.1996). At the same time, however, courts have recognized that bifurcation is "is the exception, not the rule." *See, e.g., L–3 Commc'ns Corp. v. OSI Sys., Inc.,* 418 F.Supp.2d 380, 382 (S.D.N.Y.2005). As one court has explained:

a court should begin its analysis with the Advisory Committee's admonition that "separation of issues for trial is not to be routinely ordered." Advis. Comm. Notes, 1996 Amend., Fed.R.Civ.P. 42(b). Ordinarily, a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time. *See, e.g., Miller v. Am. Bonding Co.,* 257 U.S. 304, 307, 42 S.Ct. 98, 66 L.Ed. 250 (1921) ("The general practice is to try all the issues in a case at one time."); *Monaghan v. SZS 33 Assocs., L.P.,* 827 F.Supp. 233, 245 (S.D.N.Y.1993).

*Lewis v. City of New York,* 689 F.Supp.2d 417, 428 (E.D.N.Y.2010); *accord Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307, 1323–24 (5th Cir.1976); *SenoRx, Inc. v. Hologic, Inc.,* 920 F.Supp.2d 565, 568 (D.Del.2013); *Svege v. Mercedes–Benz Credit Corp.,* 329 F.Supp.2d 283, 284 (D.Conn.2004); *Kos Pharm., Inc. v. Barr Labs.,* 218 F.R.D. 387, 391 (S.D.N.Y.2003) ("the circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases"); *Laitram Corp. v. Hewlett–Packard Co.,* 791 F.Supp. 113, 114 (E.D.La.1992).

The movant bears the burden of demonstrating that bifurcation is necessary in a particular case. *See, e.g., Estate of Thompson v. Kawasaki Heavy Indus., Inc.,* 933 F.Supp.2d 1111, 1136–37, 2013 WL 1248677 at *18 (N.D.Iowa 2013); *Svege,* 329 F.Supp.2d at 284; *Kos Pharm.,* 218 F.R.D. at 391. Bright-line rules are not appropriate as, instead, a case-by-case analysis of the relevant facts and circumstances is required. *See, e.g., Lewis,* 689 F.Supp.2d at 429; *Svege,* 329 F.Supp.2d at 284; *Monaghan v. SZS 33 Assocs., L.P.,* 827 F.Supp. 233, 245 (S.D.N.Y. 1993).

Under these standards, it is far too early to determine whether bifurcation is

appropriate. The case has been on file for only two months. The motion to bifurcate was filed on the same day the City filed its answer. No scheduling order and discovery plan has been submitted or entered. As such, discovery has not yet commenced. *See* Fed.R.Civ.P. 26(d) (no party may seek discovery until a Rule 26(f) planning and discovery conference has occurred). Ordering bifurcation at this incredibly-early stage of the case would be tantamount to establishing a bright-line rule that bifurcation is automatically appropriate in every Section 1983 case that includes both a claim against a governmental employee and a *Monell* claim against his or her employer. Defendant has referred me to no case from any jurisdiction containing such a sweeping holding. And, frankly, even if some court, somewhere, has so held, I would not be inclined to agree.

Bifurcation may well turn out to be appropriate in this case. Or maybe not. The answer depends on facts and circumstances that are specific to this case, as established through the normal discovery process. The City is free to re-file its request for bifurcation at or near the close of discovery. If the record developed at that time demonstrates that this is the exceptional case in which the relevant factors support bifurcation, then the motion will likely be granted. At this point, however, the City has not met that burden.

### B. Stay of Discovery

Because I have found that it is far too early in this case to consider bifurcation, there is no basis for entry of an order that would prevent Daniels from conducting discovery on her *Monell* claim. Even if I could already find that bifurcation is appropriate, I would not bar such discovery. Before I explain why, I want to make it clear that this analysis has nothing to do with the merits of this particular case. I have no idea if Tyler actually deprived Daniels of any constitutional rights. Even if he did, I do not know if his alleged actions resulted from a policy or custom by the City of deliberate indifference to the rights of its citizens. Those issues are in dispute and will be resolved based on the evidence.

My concern with the request to stay discovery is based, instead, on the incongruity of depriving a litigant to access to information that is relevant to the merits of a constitutional claim. The rules of discovery authorize broad discovery. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). For purposes of pretrial discovery, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388, 394 (N.D.Iowa 2009) (quoting *Rolscreen Co. v. Pella Prods.*, 145 F.R.D. 92, 94 (S.D.Iowa 1992)).

There is no reason these principles should apply to a lesser degree in a Section 1983 case alleging that a local government maintains a policy of deliberate indifference to its citizens' constitutional rights. Yet if trial and discovery were routinely bifurcated with regard to *Monell* claims, it would be almost impossible for litigants to ever discover, and bring to light, evidence of governmental abuses. As the City points out, if the claims against an individual officer are tried first, the outcome will almost surely dispose of the *Monell* claim. If the plaintiff loses, the governmental defendant will seek dismissal of the *Monell* claim on grounds that there can be no liability in the absence of individual liability on the underlying claim. And if the plaintiff wins, the governmental defendant will argue that the *Monell* claim is moot because the plaintiff has already been made whole. *See* Doc. No. 13–1 at 4–7.

A stay of discovery with regard to a *Monell* claim would, then, amount in most cases to a *permanent* stay. Litigants would rarely, if ever, have the opportunity to use interrogatories, document requests, depositions and

other discovery tools to investigate policies and customs that may encourage unconstitutional abuses of power. I cannot imagine why this would be a desirable outcome. It has long been recognized that civil rights litigation involves more than the possible exchange of money. Justice Brennan stated:

> [W]e reject the notion that a civil rights action for damages constitutes nothing more than a private tort suit benefiting only the individual plaintiffs whose rights were violated. Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.... Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards.... In addition, the damages a plaintiff recovers contributes significantly to the deterrence of civil rights violations in the future.... This deterrent effect is particularly evident in the area of individual police misconduct, where injunctive relief generally is unavailable.

*City of Riverside v. Rivera,* 477 U.S. 561, 574–75, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (citations omitted).

Again, I am making no judgments about the merits of this particular case. Daniels' allegations against the City may turn out to be entirely baseless. But that is pure speculation at this point. Daniels is entitled to conduct discovery with regard to all of her claims, including the *Monell* claim. While it is certainly true that future events and rulings may have the effect of rendering that discovery unnecessary, that is hardly an uncommon feature of civil litigation. Claims in many cases are disposed of, either by voluntary withdrawal or summary judgment, only after extensive discovery has taken place. I will not bar Daniels from conducting discovery at this stage of case simply because circumstances might change later. Her *Monell* claim is currently part of this case. Once a Rule 26(f) conference has occurred, it will be ripe for discovery.

*CONCLUSION*

For the reasons set forth herein, the City's motion (Doc. No. 13) to bifurcate claims and to stay discovery and trial is **denied.**

**IT IS SO ORDERED.**